# IN THE COURT OF APPEALS OF IOWA

No. 13-0961
Filed May 29, 2014

IN RE THE MARRIAGE OF ROBERT MICHAEL HAYDEN
AND JEAN HASKELL

Upon the Petition of
**ROBERT MICHAEL HAYDEN,**
        Petitioner-Appellant,

**And Concerning**
**JEAN HASKELL,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Dallas County, Brad McCall,

Judge.


        Robert Hayden appeals the spousal and medical support provisions of a

decree dissolving his marriage with Jean Hayden.  **AFFIRMED.**


        Colin R. McCormack of Van Cleaf & McCormack Law Firm, Des Moines,

for appellant.

        Andrew Howie of Hudson, Mallaney, Schindler & Anderson, P.C., West

Des Moines, for appellee.


        Considered by Vaitheswaran, P.J., and Mullins, J., and Miller, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**VAITHESWARAN, P.J.**

Robert "Michael" Hayden appeals the spousal and medical support provisions of a decree dissolving his marriage with Jean Hayden. Michael contends: (1) his spousal support obligation should terminate or decrease on his retirement, (2) he should only be required to provide supplemental insurance coverage when Jean begins receiving Medicare, and (3) the district court abused its discretion in its trial attorney fee award. Jean seeks appellate attorney fees.

## I.    *Background Facts and Proceedings*

Michael and Jean married in 1981, separated in 2010, and divorced in 2013. Both were fifty-eight years old at the time of trial. Michael has a successful career as an accountant. Jean, a high school graduate, did not earn wages through most of the marriage, electing to care for the couple's two children. During the marriage, Jean was diagnosed with several mental health conditions which, according to her psychiatrist, prevented her from engaging in gainful employment.

When the couple separated, Jean remained in the family home and Michael agreed to pay all expenses associated with the home as well as a monthly living allowance.

Michael eventually petitioned for dissolution of the marriage. Following trial, the district court dissolved the marriage and ordered Michael to: (1) pay Jean spousal support of $6000 per month initially, and $7500 per month after the family home was sold until the death of either party or Jean's remarriage; (2) pay

for COBRA[1] insurance for as long as Jean is eligible, at which time Michael would be responsible for paying the cost of "comparable insurance coverage"; and (3) pay $20,000 of Jean's trial attorney fees.

Michael filed a motion to amend and enlarge, which the court denied. This appeal followed.

## II.    Support Provisions

### A.    Spousal Support

Michael does not take issue with the fact that spousal support was awarded or the amount of the award. He simply challenges the duration of the award. He asserts that "failing to terminate or in some fashion modify alimony upon [his retirement] is unreasonable." The district court cogently addressed this issue in its ruling on Michael's posttrial motion. The court stated:

> At the time of trial no evidence was introduced as to Michael's retirement plans. While the evidence made it apparent that Jean will have little beyond whatever her social security benefits amount to, the Court was left to speculate as to Michael's expected retirement earnings, or when he will begin to receive those benefits. Thus far, Michael has been very successful in his chosen career and there is no reason to believe that pattern will change in the future. Under the circumstances of this case, it is appropriate to order that [Michael's] alimony obligation continue despite his retirement. If, when he reasonably retires, he is unable to meet his alimony obligation he may, at that time, seek to modify the terms and conditions of that obligation.

On our de novo review, we agree with these findings and conclusions. *See In re Marriage of Bell*, 576 N.W.2d 618, 623 (Iowa Ct. App. 1998); abrogated on other grounds by *In re Marriage of Wendell*, 581 N.W.2d 197 (Iowa Ct. App. 1998)

---

[1] Insurance continuation offered by an employer, by law, upon the occurrence of a qualifying event, such as divorce. *See Consolidated Omnibus Budget Reconciliation Act*, 29 U.S.C. §§ 11611-1169.

("Gary currently has a good income and the ability to establish a retirement fund. Karen, conversely, is unable to work and will need Gary's continued support even after he retires. If his circumstances following retirement render him unable to continue support at that level, he may petition the court for a modification of the decree."). Jean was not in a position to support herself at the time of trial and there was no indication her prognosis would change. That fact, combined with the absence of evidence that Michael's earning capacity would deteriorate in the near or long-term, lead us to conclude that the duration of the spousal support award was equitable.

B.    *Medical Support*

As noted, the district court ordered Michael to purchase COBRA insurance for as long as Jean was eligible. The court further stated:

> At such time as [Jean] is no longer eligible for COBRA coverage through [Michael's] employer, [Michael] shall be responsible for paying the cost of comparable insurance coverage for [Jean], for so long as he has a spousal support obligation under the terms of the preceding paragraph. [Jean] shall fully and completely cooperate with [Michael] in connection with obtaining the health insurance coverage ordered herein.

Again, Michael does not challenge the fact that he was ordered to provide health insurance. Instead, he claims the court "ignored the reality that [Jean] is only six years away from qualifying for Medicare coverage, which could substantially reduce [his] medical expenses." He argues he should be required to provide only supplemental insurance coverage when Jean qualifies for Medicare. As Jean points out, the cited language "gives Michael the discretion to pay for 'comparable insurance coverage' once the COBRA coverage expires." In her view, "such comparable coverage would include Medicare coverage once Jean

becomes eligible." For that reason, Jean asserts "Michael's requested relief in this appeal is not necessary." We agree.

When Jean becomes eligible for Medicare, the decree contemplates that Michael will pay for or reimburse Jean for the cost of comparable insurance coverage. Because the decree's language is already clear on this point, we decline to make any changes to the language.

### III. Attorney Fees

#### A. Trial Attorney Fees

Michael contends the district court abused its discretion in awarding Jean $20,000 in trial attorney fees. *See In re Marriage of Schenkelberg*, 824 N.W.2d 481, 488 (Iowa 2012) (noting district court "has considerable discretion in awarding attorney fees"). Jean counters that she offered an attorney fee affidavit reflecting charges of over $42,000 in trial attorney fees.

The district court found that "Michael is receiving the benefit of [his] entire bonus" and "he has vastly superior earning capacity." Both findings are supported by the record. Michael testified he received a gross bonus payment of $62,079 in 2013. The bonus was not divided with Jean. In addition, his earning capacity was substantial and Jean's was negligible. For these reasons, we discern no abuse of discretion in the district court's award of trial attorney fees.

#### B. Appellate Attorney Fees

Jean seeks an award of $4850.50 in appellate attorney fees. Again, an award is discretionary. *In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007). Because Jean prevailed on both issues she raised and because she

cannot engage in gainful employment, we order Michael to pay $2000 towards Jean's appellate attorney fees.

**AFFIRMED**.